1000

### ARDEA REALTY CORPORATION v. BOWLES, Price Administrator.

### No. 175.

United States Emergency Court of Appeals.

Heard at New York April 2, 1945.

Filed April 30, 1945.

Leslie J. Tompkins, of New York City (Samuel Shapiro, of New York City, on the brief), for complainant.

Stanley D. Metzger, Atty., of Washington, D. C. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Warren L. Sharfman, Chief, Court Review Rent Branch, and Mavis Clark, Atty., all of Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

PER CURIAM.

The complainant seeks to set aside orders of the Area Rent Director of the New York City Defense-Rental Area denying 228 petitions for adjustment of the maximum rents of apartments located in various apartment houses owned by it in the Borough of the Bronx, New York City. Applications to review these orders were denied by the Regional Administrator and the complainant's subsequent protests were consolidated and denied by the Price Administrator. The petitions for adjustment were based upon the ground that there had been major capital improvements made to the accommodations in question between March 1, 1943, the maximum rent date, and November 1, 1943, the effective date of the Rent Regulation for Housing in the New York City Defense-Rental Area, 8 F.R. 13914. Some of the petitions were also based upon the additional ground that there were special relationships between the complainant and the tenants on the maximum rent date which materially affected the rents charged on that date. Rent adjustments upon these grounds are authorized by Sections 4(d) (4) and 4(a) (4) of the Regulation, respectively.

The complainant's adjustment petitions presented questions of fact which were considered by the Price Administrator in the consolidated protest proceeding as appears from his opinion filed in that proceeding. The Administrator concluded that the evidence as to work performed by the complainant, whether the individual items were considered separately or in the aggregate, was not sufficient to establish that a major capital improvement within the meaning of Section 4(d) (4) of the Regulation had been made. The Administrator also concluded that the complainant had failed to show the existence of a special relationship between it and the tenants in question within the meaning of Section 4 (a) (4) of the Regulation. We have examined the evidence which was offered by the complainant and agree with the Administrator that it was insufficient to establish either of these basic facts. It follows that the denial of the adjustment petitions was neither arbitrary nor capricious.

A judgment will be entered dismissing the complaint.